UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROBIN M. LEE, ESP II, & ALL HIS PERCENTS & HOLDINGS,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN CORP. & FREMONT HOTEL CASINO, BOYD GAMING INDUSTRIES,<br><br>Defendants. | Case No. 2:12-cv-00696-MMD-GWF<br><br>ORDER<br><br>(Plf.'sMotion for Automatic Default Judgment – dkt. no. 5; Def.'s Motion to Dismiss – dkt. no. 6; Def.'s Motion for a More Definite Statement – dkt. no. 7; Plf.'s Motion for Default Judgment– dkt. no. 13). |
|---|---|

Before the Court are Plaintiff Robin M. Lee's Motion for Automatic Default Judgment (dkt. no. 5) and Motion for Default Judgment (dkt. no. 13) as well as Defendant Experian Corp.'s Motion for a More Definite Statement (dkt no. 6) and Motion to Dismiss (dkt. no. 7). For the reasons discussed below, Plaintiff's Motions are denied, Defendant's Motion to Dismiss is granted, and Defendant's Motion for a More Definite Statement is denied as moot.

The impetus of this suit appears to be the return of Plaintiff's check for insufficient funds and the allegedly resulting decline in Plaintiff's credit worthiness. From what the Court can determine from the handwritten, and largely illegible Complaint, Plaintiff generally alleges that a conglomerate of famous individuals conspired to swindle Plaintiff out of very large sums of money. These actions presumably led to the bounced check, the destruction of Plaintiff's credit rating, as well as his expulsion from the Fremont Hotel

and Casino. The Complaint claims violations of the "Federal Equal Opportunity Acts," and the "Fair Credit Bureau Acts." Among other things, the Complaint requests damages in the amount of $1.5 billion and attorney fees in the amount of $7 million per day.

Defendant Experian Information Solutions, Inc., erroneously sued as Experian Corp., moves to dismiss the case for failure to state a claim. Plaintiff did not file an opposition to the motion and consequently, dismissal is proper under Local Rule 7-2(d). Additionally, dismissal is warranted on the merits. Dismissal is proper when a complaint does not contain a short and plain statement of a claim to relief with sufficient factual matter to support its plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). After reading the complaint, the Court cannot find a short and plain statement of the claim and the disjointed facts do not rise to the level of plausibility. Therefore, the Motion to Dismiss is granted. Because the Court grants the Motion to Dismiss, the Motion for a More Definite Statement is moot.

Pertaining to the rest of the Defendants, neither Fremont Hotel and Casino nor Boyd Gaming Industries answered the Complaint and Plaintiff moved for default judgment. However, it is axiomatic that proof of service of process is required to enter default judgment. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Plaintiff has not submitted an affidavit to the Court proving service on these two defendants. Therefore, entry of default judgment is improper, and Plaintiff's two motions for default judgment are denied.

Further, Fed. R. Civ. P. 4(m) permits the court to dismiss a case after notice to the plaintiff where the defendant is not served within 120 days of the filing of the complaint. Plaintiff filed his Complaint on April 26, 2012. On September 6, 2012, the Clerk of the Court sent notice to Plaintiff that the proof of service was required by October 6, 2012 to

///
///
///

avoid dismissal.[1] (Dkt. no. 18.) The 120 day deadline has now passed. Therefore, the Court dismisses Plaintiff's Complaint in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Automatic Default Judgment and Motion for Default Judgment are DENIED.

IT IS FURTHER ORDERED that Defendant Experian Information Solutions Inc.'s Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Defendant Experian Information Solutions Inc.'s Motion for a More Definite Statement is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's claims against remaining defendants are DISMISSED and the Clerk of the Court is ordered to close this case.

DATED THIS 25th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] This notice was returned as undeliverable, However, LSR 2-2 requires the Plaintiff to keep a current address with the court and failure to comply may result in dismissal with prejudice. Therefore, dispatch of notice in this case is sufficient to satisfy the requirements of 4(m).